# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JJJJ PROPERTIES, LLC,**

    **Plaintiff,**

vs.                                                                       Case No. 4:16cv646-RH/CAS

**CERMANCIA S. GEORGE,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Before the Court is Defendant's notice of removal of this action from state court.  ECF No. 1.  Defendant also filed a motion requesting leave to proceed in forma pauperis, supporting by a financial affidavit.  ECF No. 3.  Good cause having been shown, the motion is granted.  The Clerk shall not require payment of the filing fee for this case.

The case Defendant is attempting to remove to this Court is a complaint for eviction.  ECF No. 1 at 13.  Plaintiff is the landlord and Defendant is the tenant.  *Id.*  Plaintiff seeks to evict the Defendant for failure "to pay rent due on September 1, 2016, and October 1, 2016."  *Id.*

A defendant "desiring to remove any civil action from a State court" must file a signed "notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . " 28 U.S.C. § 1446(a).  Defendant's asserted ground for removal is that "the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law."  ECF No. 1 at 2.  Defendant contends that even if the removed "cause of action is based on state law, the District Court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues [sic] in resolving such issues, and (3) a Federal forum may entertain the State Law claims without disturbing the balance of Federal and State judicial responsibilities."  Id. (citing Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)).

In Grable, however, the "only legal or factual issue contested" was whether Grable was properly given notice by the IRS of its superior title claim.  Grable, 545 U.S. at 314-15, 125 S. Ct. at 2368.  Thus, "the meaning of the federal statute" was an "essential element" of the quiet title claim, and the meaning of a federal tax provision "is an important issue of federal

law that sensibly belongs in a federal court." 545 U.S. at 315, 125 S. Ct. at 2368.

This case does not, however, present such a claim or question. The case brought by Plaintiff against the Defendant is a state law residential eviction proceeding. Contrary to Defendant's assertion, it is not a civil rights action.

A case may only be removed to federal court if this Court has "original jurisdiction" over the action, 28 U.S.C. § 1441(a), or pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1441(b). Defendant acknowledges that the parties are not diverse and are residents of the same state. *See* ECF No. 3 at 3. Defendant argues only that this case involves a federal question. *Id.*

Jurisdiction would exist if this Court had original jurisdiction over the cause of action. 28 U.S.C. § 1441. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, this case does not arise under federal law or the United States Constitution.

To the degree Defendant asserts jurisdiction is appropriate based on his intent to raised a defense under federal law, that is not sufficient. *See*

Case No.: 4:16cv646-RH/CAS

ECF No. 1 at 2-3.  "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'"  Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)).  Defendant's assertion of an unspecified defense is insufficient to demonstrate removal is proper.[1]

In this case, Plaintiff's complaint is a matter entirely premised on state law.  There is no basis for federal court jurisdiction and this case must be remanded back to the State court from which it was removed pursuant to 28 U.S.C. § 1447(c).

---

[1] It is Defendant's obligation as the removing party to demonstrate removal is proper.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Case No.: 4:16cv646-RH/CAS

Accordingly, it is **ORDERED** that Defendant's motion for leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's notice of remand, ECF No. 1, be **REJECTED** as this Court does not have subject matter jurisdiction over this action, and the Clerk of Court be **DIRECTED** to mail a certified copy of the order of remand to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2016.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:16cv646-RH/CAS